ORIGINAL

Receipt number 9998-3687037

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
DEC 14 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| MYNETTE TECHNOLOGIES, INC. and STEVEN M. COLBY, | § § § |
| Plaintiffs, | § § |
| v. | § § |
| THE UNITED STATES, | § § |
| Defendants. | § § § |

CIVIL ACTION NO. 16-1647 C

## COMPLAINT

Plaintiffs Mynette Technologies, Inc. ("Mynette") and Steven M. Colby ("Colby) (together "Plaintiffs") file this Complaint against the United States of America as follows:

1. Plaintiff Mynette Technologies, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 149 Commonwealth Drive, Suite 1001, Menlo Park, California 94025.

2. Plaintiff Steven M. Colby is an individual residing in the State of California at 1194 Maria Privada, Mountain View, CA 94040.

3. The Defendant is the United States of America, acting through its various agencies, including by way of example, and not limitation, the Department of Justice, the Department of Homeland Security, the Department of State, and the United States Customs and Border Protection.

**JURISDICTION**

4. This is an action for patent infringement under 28 U.S.C. § 1498.

**NATURE OF THE ACTION**

5. This is an action for patent infringement against the United States to recover reasonable and entire compensation for the unlicensed use and manufacture by and for the United States of inventions claimed in the U.S. Patent No. 7,925,156 (the "'156 Patent"), entitled "Electronically Switchable RFID Tags"), duly and lawfully issued on April 12, 2011, attached as Exhibit A and U.S. Patent No. 7,719,425 (the "'425 Patent") entitled "Radio Frequency Shielding", duly and lawfully issued on May 18, 2010, attached as Exhibit B. The patents are referenced herein together as the "Infringed Patents."

6. Plaintiff Mynette is the assignee of all rights, title and interest to the Infringed Patents effective September 26, 2016.

7. Plaintiff Steven Colby is an officer, director and shareholder of Mynette and the sole inventor of each of the Infringed Patents.

8. The United States, through its branches and agencies, is using the technology claimed in the Infringed Patents.

9. On information and belief, the United States has developed and deployed unlicensed and infringing electronic passports and electronic passport systems through internal resources and without the use of independent consultants or contractors.

10. On information and belief, the United States has also deployed unlicensed and infringing passport reading systems through numerous consultants and contractors whose names and identities are unknown to Plaintiffs.

11. The '156 Patent describes inventions which utilize remotely powered RFID (Radio Frequency Identity) Tags having electronically controlled switches. The switchable RFID Tags devices described in the '156 Patent include, but are not limited to, passports such as those issued by the United States.

12. The '425 Patent teaches the use of shielding in relation to RFID Tags and includes shielded containers for storing devices such as RFID Tags. The devices described in the '425 Patent include, but are not limited to, passports issued by the United States.

13. This is an action under 28 U.S.C. § 1498, which provides, in relevant part, as follows:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's sole remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture. . . .
>
> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor . . . for the Government and with authorization or consent of the Government, shall be construed as use or manufacture for the United States.

### I.   COUNT I - Use or Manufacture of Electronic Passports that Infringe U.S. Patent No. 7,924,156

14. Plaintiffs reallege and incorporate by reference each of the allegations in Paragraphs 1-13 above, as if fully set forth herein.

15. Plaintiff Mynette is the assignee and the sole holder of all right, title, and interest in and to the '156 Patent, including all rights to enforce the '156 Patent and collect past and future damages for infringement.

16. Plaintiff Steven Colby is the assignor and sole inventor of the '156 Patent.

17. On information and belief, Defendant United States, acting through the Department of State, the United States Passport Office and the Department of Homeland Security has been, and now is, using or manufacturing, without license from Mynette or Colby or lawful right to use or manufacture, the inventions described in and covered by the '156 Patent by using, or manufacturing electronic passports, and related services.

18. The electronic passports used and manufactured by the United States and the above-referenced agencies satisfy each element in several claims of the '156 Patent including Claim 1 of this Patent.

19. The RFID Tags disclosed in the '156 Patent include an antenna configured to receive data from Radio Frequency (RF) signals, the receipt of data from the antenna through integrated circuitry, and the receipt and transmission of data through storage memory, key memory and switch logic.

20. On information and belief, electronic passports issued by the United States through the above-referenced agencies satisfy each of the elements of Claim 1 of the '156 Patent by, among other things, inserting an RFID Tag in said electronic passports and utilizing what is known as Basic Access Control (BAC) to receive information stored on e-passports while minimizing the risk of "skimming" and "eavesdropping".

21. On information and belief, United States electronic passports include a semiconductor chip that is protected by the BAC mechanism thereby denying access to its contents unless the inspector can demonstrate that it is authorized to access the chip.

22. Plaintiffs have been damaged by the use or manufacture of electronic passports which practice the inventions described in and covered by the '156 Patent and, pursuant to 28 U.S.C. § 1498, are entitled to cover reasonable and entire compensation from the United States.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## II.     COUNT II - Use or Manufacture of Electronic Passports that Infringe U.S. Patent No. 7,719,425

23.     Plaintiffs reallege and incorporate by reference each of the allegations of Paragraphs 1-13 above, as if fully set forth herein.

24.     Mynette is the assignee and the sole holder of all right, title and interest in and to the '425 Patent, including all rights to enforce the '425 Patent and collect past and future damages for infringement.

25.     Plaintiff Steven Colby is the assignor and sole inventor of the '425 Patent.

26.     The '425 Patent disclosed the use of shielding in relation to RFID Tags through the use of shielded containers and RFID Tags in identification devices such as passports.

27.     On information and belief, the United States, through the above-referenced departments and agencies has been, and now is, using or manufacturing, without license of plaintiffs or lawful right to use or manufacture, the inventions described in and covered by the '425 Patent, by using or manufacturing electronic passports and related services.

28.     On information and belief, electronic passports used or manufactured by the United States, through the above-mentioned departments and agencies, meet each element in several claims of the '425 Patent including Claim 1 of said Patent.

29.     Claim 1 of the '425 Patent discloses a passport comprising an RFID Tag configured to transmit identifying information, a surface configured to visually display identifying information, and a passport cover including a first part and a second part separated by a fold with the first part including the RFID Tag and the second part including a Radio Frequency shielding comprising metallic fibers configured to shield the RFID Tag when the cover is closed.

30.     On information and belief, electronic passports used or manufactured by the United States through the above-referenced departments and agencies contain RFID Tags, identifying information included on the inside of the front cover, a folded cover including a front and back part where the back part includes the RFID Tag and the front part includes a layer of metallic fibers woven in a mesh.

31.     Plaintiffs have been damaged by the use or manufacture of electronic passports by the United States, through the aforementioned departments and agencies, pursuant to 28 U.S.C. § 1498, and are entitled to recover reasonable and entire compensation from the United States.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that there be judgment in favor of Plaintiffs and against the United States, providing the following remedies to Plaintiff:

A.  Entry of judgment that the '156 and '425 Patents have been used and manufactured by and for the United States without license or lawful right within the meaning of 28 U.S.C. § 1498, such that Plaintiffs are entitled to the recovery of the reasonable and entire compensation for such use;

B.  Entry of judgment for the reasonable and entire compensation in an amount to be determined at trial (conservatively estimated to exceed Sixty Million Dollars ($60,000,000)), and likely to substantially exceed this amount in view of projected increases in anticipated use and revenues arising from electronic passports plus interest and costs; and

C.  Such other relief as the Court may deem appropriate.

-7-

Dated:  December 14, 2016		Respectfully submitted,


			s/Robert J. Yorio
			Robert J. Yorio
			CARR & FERRELL LLP

			120 Constitution Drive
			Menlo Park, California 94025
			Telephone:  (650) 812-3400
			Facsimile:   (650) 812-3444

			Counsel for Plaintiffs
			Mynette Technologies, Inc. and
			Steven M. Colby