# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|   |   |
|---|---|
| MYNETTE TECHNOLOGIES, INC. and STEVEN M. COLBY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>UNISYS CORPORATION,<br><br>Intervenor-Defendant. | Case No. 16-cv-01647-SGB<br><br>Senior Judge Susan G. Braden |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The court enters this Protective Order pursuant to RCFC 26(c)(1) and PRCFC 19(b). This order does not specify the procedures under which access to National Security Information is to be provided and may not be construed as requiring the production of any information that is classified for reasons of national security. Access to such information will be governed solely by existing laws and regulations.

1. As used in this Protective Order, these terms have the following meanings:

    (a) <u>Attorneys</u>: counsel of record in this litigation;

    (b) <u>Documents</u>: all materials within the scope of RCFC 34;

    (c) <u>Restricted—Outside Attorneys' Eyes Only</u>: a subset of restricted documents that are designated pursuant to Paragraph 5 below;

    (d) <u>Written Assurance</u>: an executed document found at Appendix of Forms, Form 9A;

    (e) <u>Litigation Support Contractors</u>: contractors who are subject to an obligation, either by contract or trade practice, to maintain the confidentiality of any material received in performance of services related to this litigation and rendered for the

1

       attorneys of record in this litigation (by way of example and not limitation, litigation support contractors include copying services, court reporters, videographers, document storage and management contractors, database management contractors, and information technology and network support contractors);

  (f) <u>Experts</u>: outside persons who are used by a party or its attorneys to furnish technical or expert services and/or to give expert testimony in this litigation; and

  (g) <u>Third Party</u>: any party not directly involved in this litigation.

2. By identifying a document as "Restricted," a party may designate any document, including an interrogatory response, another discovery response, and/or a transcript that it, in good faith, contends constitutes or contains trade secret, proprietary, source-selection sensitive, or other similar confidential information that the owner thereof has taken reasonable measures to protect from disclosure to the public or competitors. In the case of the United States, other information and documents that may be identified as "Restricted" include:

  (a) documents categorized as "FOR OFFICIAL USE ONLY," including unclassified information in the possession or under the control of the Department of Defense; and

  (b) trade secret, proprietary, source-selection sensitive, or other similar confidential information belonging to non-parties but within the control or custody of the United States.

3. All "Restricted" documents, along with the information contained in the documents, may be used solely for the purpose of this litigation and no person receiving such documents may directly or indirectly use, transfer, disclose, or communicate the contents of the documents in any way to any person other than those specified in Paragraph 4 below. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of other intellectual property rights.

4. Without a court order, access to any "Restricted" document will be limited to:

(a) the court and its personnel;

(b) attorneys of record in this litigation and any members or employees of their respective law firms, to the extent they have agreed to be bound by this Protective Order, or in the case of the United States, the attorneys, legal assistants, and legal support staff of the Department of Justice and any agency or department of the United States involved in this litigation, to the extent they have agreed to be bound by this Protective Order;

(c) persons shown on the face of the document to have authored or received it;

(d) litigation support contractors;

(e) inside counsel of the parties, subject to the conditions of Paragraph 9 below;

(f) a party's officers and employees directly involved in this litigation whose access

to the information is reasonably required to supervise, manage, or participate in this litigation, subject to the conditions of Paragraph 9 below;

(g) experts, subject to the conditions of Paragraph 9 below; and

(h) any other person or entity that the parties (including any third party, to the extent the third party has designated the document as "Restricted") mutually agree in writing may have access to "Restricted" documents.

5. The parties have the right to further designate "Restricted" documents or portions thereof as "Restricted—Outside Attorneys' Eyes Only." Without a further court order, however, disclosure of such information will be limited to the persons designated in Paragraphs 4(a), (b), (c), and (d) and, in addition, persons designated in Paragraph 4(h), to the extent the parties mutually agree in writing that an individual may have access to "Restricted—Outside Attorneys' Eyes Only" information.

6. The subject matter relevant to the claimed invention involved in this litigation is hereby defined to be systems and methods relating to electronic passports and other identification documents, Radio Frequency Identification Tags, passport readers, readers for other identification documents and any electronic components or electromagnetic shielding when used in such systems and/or methods.

7. Disclosure of "Restricted—Outside Attorneys' Eyes Only" information:

(a) Notwithstanding any other provision of this Protective Order, information designated "Restricted—Outside Attorneys' Eyes Only" may not be disclosed to any of the person(s) named as inventor(s) on any patents asserted in this lawsuit, to include U.S. Patent Nos. 7,719,425, 7,924,156, 9,524,458 and 9,569,777 ("the Patents-in-Suit") or to any individual attorney involved in the prosecution of patent applications related to the subject matter of the claimed invention involved in this litigation.

(b) Individual attorneys to whom "Restricted—Outside Attorneys' Eyes Only" information has been disclosed under this Protective Order, may, however, provide copies of material prior art or other non-confidential information to the United States Patent and Trademark Office.

(c) Unless otherwise agreed upon by the parties, no individual to whom "Restricted—Outside Attorneys' Eyes Only" information has been disclosed under this Protective Order may be involved in the prosecution of patent applications related to the subject matter of the claimed invention involved in this litigation until four (4) years after the final disposition of this action, including all related appeals (the "Prosecution Bar").

(1) The parties expressly agree that the Prosecution Bar set forth herein will be personal to any attorney who reviews information designated "Restricted—Outside Attorneys' Eyes Only" and will not be imputed to any other persons or attorneys at the attorney's law firm or company, unless information concerning that designated information was communicated to an individual by one who reviewed such designated information.

(2) For purposes of the Prosecution Bar, "prosecution" includes:

3

      (i) the drafting or amending of patent claims, or the supervising of the drafting or amending of patent claims;

      (ii) participating in or advising on any re-examination, reissue, inter-party review, or other post-grant review proceeding, except as specified below; and

      (iii) advising any client concerning strategies for obtaining or preserving patent rights related to the subject matter of the claimed invention involved in this litigation before the United States Patent and Trademark Office or other similar foreign government or agency.

    (3) "Prosecution" does not include participating in or advising on any re-examination, reissue, inter-party review, or other post-grant review proceeding by a party's lawyers, with respect to any patents in which an opposing party involved in this litigation has any interest or any patent involved in the pending action.

  (d) Nothing contained herein will preclude lawyers having access to documents designated as "Restricted—Outside Attorneys' Eyes Only" from having discussions with their clients about the general status of the case and about settlement offers, so long as during any discussions the lawyers do not impart any "Restricted—Outside Attorneys' Eyes Only" information to their clients.

8. Third parties producing documents in the course of this litigation also may designate documents as "Restricted" or "Restricted—Outside Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the litigation. A copy of this Protective Order will be served together with any subpoena served in this litigation. All documents produced by such third parties, even if not designated by the third parties as "Restricted" or "Restricted—Outside Attorneys' Eyes Only," will be treated by the parties to this action as "Restricted—Outside Attorneys' Eyes Only" for a period of fifteen (15) days from the date of production. During that fifteen (15)-day period, any party may designate documents as "Restricted" or "Restricted—Outside Attorneys' Eyes Only," pursuant to the terms of this Protective Order.

9. Each person who is to receive "Restricted" information, pursuant to Paragraphs 4(e), (f), or (g), must execute a "Written Assurance" found at Appendix of Forms, Form 9A. Opposing counsel must be notified in writing at least ten (10) days prior to disclosure of "Restricted" information to any such person. Such notice must provide a reasonable description of the person to whom disclosure is sought sufficient to permit an objection to be made. Upon good cause (which does not include challenging the qualifications of such outside person), a party may object in writing to disclosure within ten (10) days after receipt of notice by setting forth in detail the grounds on which the party's objection is based. If a party timely objects, no disclosure will be made until the party seeking disclosure obtains the prior approval of the court or the objecting party.

10. All depositions or portions of depositions taken in this litigation that contain information that may be designated "Restricted" or "Restricted—Outside Attorneys' Eyes Only," according to Paragraphs 2 and 5, may also be so designated and thereby obtain the protections accorded other "Restricted" or "Restricted—Outside Attorneys' Eyes Only" documents.

Designations for depositions must be made either on the record or by written notice to the other party within ten (10) days of receipt of the final transcript. Unless otherwise agreed, depositions must be treated as "Restricted—Outside Attorneys' Eyes Only" until ten (10) days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes "Restricted" information may be taken only in the presence of persons qualified to have access to such information.

      11.  Any party who fails to designate documents as "Restricted" or "Restricted—Outside Attorneys' Eyes Only" may designate the documents after production, to the same extent as it may have designated the documents before production, by providing written notice of the error and substituting copies of the documents bearing appropriate designations. The party receiving the designation must, upon receiving the replacement set of documents, immediately return or destroy the documents that lacked the designation to the designating party, and the parties must undertake reasonable efforts to correct any disclosure of such information, contrary to the designation. No showing of error, inadvertence, or excusable neglect will be required for a party to avail itself of the provisions of this paragraph.

      12.  In addition to the requirements imposed by Federal Rule of Evidence 502 and RCFC 26(b)(5)(B), any party who inadvertently discloses documents that are privileged or otherwise immune from discovery must, promptly upon discovery of the error, advise the receiving party in writing and request that the documents be returned. The receiving party must return or certify destruction of the documents, including all copies, within ten (10) days of receiving such written request. The party returning or destroying such documents may thereafter seek reproduction of any such documents, pursuant to applicable law, although the party seeking reproduction may not use the fact that the documents were previously produced inadvertently to argue that privilege or any other immunity from discovery has been waived. No showing of error, inadvertence, or excusable neglect will be required for a party to avail itself of the provisions of this paragraph.

      13.  If a party intends to file a document containing "Restricted" information with the court, this Protective Order grants leave to make such filing under seal. Prior to the disclosure at trial or a hearing of any information designated "Restricted" or "Restricted—Outside Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the court.

      14.  Any party may request a change in the designation of any information designated "Restricted" or "Restricted—Outside Attorneys' Eyes Only." Any such document will be treated as designated until such request is approved by the court. If the disclosing party does not agree to the requested change in designation, the party seeking the change may move the court for appropriate relief, providing notice to any third party whose designation of produced documents as "Restricted" or "Restricted—Outside Attorneys' Eyes Only" in the litigation may be affected. The party asserting designation will have the burden of proving that the information in question is within the scope of protection afforded by this Protective Order and RCFC 26(c).

      15.  No later than sixty (60) days after the termination of this litigation, including all related appeals, each party must either destroy or return to the disclosing party all documents designated by the disclosing party as "Restricted" or "Restricted—Outside Attorneys' Eyes Only," and all copies of and/or extracts or data taken from such documents. Each party must provide a certification in writing to the disclosing party as to such return or destruction within the sixty (60)-day period. Attorneys will be entitled, however, to retain one set of all documents filed with the court, obtained during discovery, or generated as correspondence in connection with the

action, including one copy of documents designated "Restricted" or "Restricted—Outside Attorneys' Eyes Only." Nothing in this Protective Order will require deletion of data from tapes or other storage maintained solely for the purpose of permitting the rebuilding or recovery of files, provided that access to this data is restricted to those otherwise permitted access under this Protective Order.

16. Any party may move the court for a modification of this Protective Order and nothing in this Protective Order will be construed to prevent a party from seeking such further provisions enhancing or limiting access to documents as may be appropriate.

17. The obligations imposed by this Protective Order will survive the termination of this litigation and all related appeals and will remain in effect until the party designating the documents as "Restricted" or "Restricted—Outside Attorneys' Eyes Only" agrees otherwise in writing or a further court order otherwise directs.

18. No later than sixty (60) days after the termination of this litigation, including all related appeals, the parties must file a motion with the court seeking leave to remove any physical materials designated "Restricted" or "Restricted—Outside Attorneys' Eyes Only" from the office or custody of the clerk.

19. Nothing in this Protective Order will be construed to prevent any party from disclosing its own "Restricted" or "Restricted—Outside Attorneys' Eyes Only" information in any manner that it considers appropriate.

20. In the event that any party seeks the production of documents containing material that may be classified, subject to International Traffic in Arms Regulations or other export controls, or otherwise restricted by federal law, the parties will confer regarding an appropriate resolution consistent with federal law. Notwithstanding anything contained in this Protective Order, National Security Information will be controlled according to applicable statute.

21. The court reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order, or the parties' designation of materials or proceedings as "Restricted" or "Restricted—Outside Attorneys' Eyes Only," in the event such materials or proceedings are not properly classified as confidential, privileged, proprietary, competition-sensitive, or otherwise protectable.

IT IS SO ORDERED.

SENIOR JUDGE SUSAN G. BRADEN