## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MYNETTE TECHNOLOGIES, INC. and
STEVEN M. COLBY,

        Plaintiffs,

v.

THE UNITED STATES,

        Defendant,

GEMALTO, INC.,

        Third-Party Defendant.

Case No. 16-cv-01647-MCW

Senior Judge Mary Ellen Coster Williams

## <u>GEMALTO, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT</u>

In accordance with Rules 8, 12 and 24 of the United States Court of Federal Claims, Third Party-Defendant Gemalto Inc. ("Gemalto"), by and through its undersigned counsel, hereby answers the allegations made in each of the numbered paragraphs of Plaintiff's Third Amended Complaint, which was filed on January 07, 2020 by Plaintiff Mynette Technologies, Inc. ("Mynette" or "Plaintiff"). (Dkt. No. 97-1.) Upon current information and belief, all allegations of the Complaint are denied except to the extent expressly admitted below.

1.     Gemalto admits that Plaintiff's Third Amended Complaint lists Mynette Technologies, Inc. as a Plaintiff. Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 and on that basis denies them.

2.     Gemalto admits that Plaintiff's Third Amended Complaint lists Steven M. Colby as a Plaintiff. Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 and on that basis denies them.

3.      Gemalto admits that Plaintiff's Third Amended Complaint lists the United States as a Defendant.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 and on that basis denies them.

## JURISDICTION[1]

4.      Gemalto admits that Plaintiff's Third Amended Complaint purports to be an action arising under 28 U.S.C. § 1498.

## NATURE OF THE ACTION

5.      Gemalto admits that Plaintiff's Third Amended Complaint purports to be an action for patent infringement against the United States, but denies that Plaintiff is entitled to any of the relief it seeks.  Gemalto admits that Exhibit A purports to be a true and correct copy of U.S. Pat. No. 7,924,156 ("the '156 Patent") indicating a title of "Electronically Switchable RFID Tags" and an issuance date on its face of April 12, 2011.  Gemalto admits that Exhibits B purports to be a true and correct copy of U.S. Pat. No. 7,719,425 ("the '425 Patent") indicating a title of "Radio Frequency Shielding" and an issuance date on its face of May 18, 2010.  Gemalto admits that Exhibit C purports to be a true and correct copy of U.S. Pat. No. 9,524,458 ("the '458 Patent") indicating a title of "Switchable ePassport Including Shielding" and an issuance date on its face of December 20, 2016.  Gemalto admits that Exhibit D purports to be a true and correct copy of U.S. Pat. No. 9,569,777 ("the '777 Patent") indicating a title of "ePassport Including Shielding Method" and an issuance date on its face of February 14, 2017.  Gemalto denies that any of these patents are valid or infringed.

---

[1] The headings in Plaintiff's Third Amended Complaint are reproduced herein solely for the convenience of the reader.  To the extent such headings include or infer allegations, they are hereby denied.

6.      Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 and on that basis denies them.

7.      Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 and on that basis denies them.

8.      Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 and on that basis denies them.

9.      Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 and on that basis denies them.

10.      Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 and on that basis denies them.

11.      Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 and on that basis denies them.

12.      Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 and on that basis denies them.

13.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 and on that basis denies them.

14.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 and on that basis denies them.

15.     Gemalto admits that Paragraph 15 purports to quote 28 U.S.C. § 1498, which statement need not be admitted or denied.

## COUNT I

### Use of Manufacture of Electronic Passports
### that Infringe U.S. Patent No. 7,924,156

16.     Gemalto incorporates herein and realleges its answers to Paragraphs 1-15.

17.     Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 and on that basis denies them.

18.     Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 and on that basis denies them.

19.     Gemalto admits that the face of the '156 Patent identifies Steven Colby as the sole inventor.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 and on that basis denies them.

20.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 and on that basis denies them.

21.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto denies that Plaintiffs assert claims 4, 9, and 10 of the '156 Patent.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 and on that basis denies them.

22.     Paragraph 22 of Plaintiff's Third Amended Complaint contains legal conclusions regarding the scope of the claims of the '156 Patent and requires no response.

23.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 and on that basis denies them.

24.     Paragraph 24 contains legal conclusions regarding the scope of the '156 Patent and requires no response.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 and on that basis denies them.

25.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 and on that basis denies them.

26.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 and on that basis denies them.

## COUNT II

### Use of Manufacture of Electronic Passports
### that Infringe U.S. Patent No. 7,719,425

27.     Gemalto incorporates herein and realleges its answers to Paragraphs 1-26.

28.     Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 and on that basis denies them.

29.     Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 and on that basis denies them.

30.     Gemalto admits that the face of the '425 Patent identifies Steven Colby as the sole inventor.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 and on that basis denies them.

31.     Paragraph 31 contains legal conclusions regarding the scope of the '156 Patent and requires no response.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 and on that basis denies them.

32.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 and on that basis denies them.

33.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto denies that Plaintiffs assert claim 4 of the '425 Patent.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 and on that basis denies them.

34.     Paragraph 34 of Plaintiff's Third Amended Complaint contains legal conclusions regarding the scope of the claims of the '425 Patent and requires no response.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 and on that basis denies them.

35.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 and on that basis denies them.

36.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 and on that basis denies them.

37.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 and on that basis denies them.

### COUNT III

**Use of Manufacture of Electronic Passports
that Infringe U.S. Patent No. 9,524,458**

38.     Gemalto incorporates herein and realleges its answers to Paragraphs 1-37.

39.     Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39 and on that basis denies them.

40.     Gemalto admits that the face of the '458 Patent identifies Steven Colby as the sole inventor.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 40 and on that basis denies them.

41.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 and on that basis denies them.

42.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto denies that Plaintiffs assert claims 1, 3, 4, 6, 7, 10, 13, 17, 18 and 19 of the '458 Patent.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 and on that basis denies them.

43.     Paragraph 43 contains legal conclusions regarding the scope of the '458 Patent and requires no response.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 and on that basis denies them.

44.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 44 and on that basis denies them.

45.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 and on that basis denies them.

46.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 46 and on that basis denies them.

## COUNT IV

### Use of Electronic Passports
### that Infringe U.S. Patent No. 9,569,777

47.     Gemalto incorporates herein and realleges its answers to Paragraphs 1-46.

48.     Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 and on that basis denies them.

49.     Gemalto admits that the face of the '777 Patent identifies Steven Colby as the sole inventor.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 and on that basis denies them.

50.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 50 and on that basis denies them.

51.     Gemalto denies the allegations set forth in this paragraph to the extent that they relate to any technologies supplied by Gemalto.  Gemalto denies that Plaintiffs assert claims 1, 2, 3, 5, 8, 10, 12, 15, 17, 19, 20, 21, 23 and 24 of the '777 Patent.  Gemalto is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in

Paragraph 51 and on that basis denies them.

52.     Paragraph 52 contains legal conclusions regarding the scope of the '777 Patent

and requires no response.  Gemalto is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations set forth in Paragraph 52 and on that basis

denies them.

53.     Gemalto denies the allegations set forth in this paragraph to the extent that they

relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 53

and on that basis denies them.

54.     Gemalto denies the allegations set forth in this paragraph to the extent that they

relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 54

and on that basis denies them.

55.     Gemalto denies the allegations set forth in this paragraph to the extent that they

relate to any technologies supplied by Gemalto.  Gemalto is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 55

and on that basis denies them.

**PRAYER FOR RELIEF**

56.     Paragraphs (A) through (C) to Plaintiff's Third Amended Complaint state

Plaintiff's prayer for relief, to which no response is required.  However, to the extent that

Paragraphs (A) through (C) are deemed to contain allegations, Gemalto denies each such

allegation.  Gemalto further denies that Plaintiff is entitled to any of the relief requested in

Paragraphs (A) through (C).

## DEFENSES

Upon current information and belief, Gemalto further answers concerning its defenses,

without admitting any allegation of Plaintiff's Third Amended Complaint not otherwise admitted

and without assuming the burden when such burden would otherwise be on Plaintiff.

1.      Plaintiff fails to state a claim upon which relief can be granted as to infringement

of the '156, '425, '458 and '777 Patents ("the Asserted Patents").

2.      U.S. Government products containing Gemalto technology do not infringe any

claim of the Asserted Patents under any theory, including direct, indirect, contributory, or

induced infringement, either literally or under the doctrine of equivalents.

3.      The claims of the Asserted Patents are invalid for failure to comply with one or

more provisions of Title 35, United States Code, including but not limited to U.S.C. §§ 101, 102,

103 and 112.  Gemalto reserves the right to assert any other basis for invalidity that discovery

may reveal.

4.      Prosecution history estoppel and/or disclaimer bars Plaintiff from asserting

infringement under the doctrine of equivalents of claims of the Asserted Patents, and/or from

adopting claim construction positions contrary to statements and amendments made during

prosecution of the Asserted Patents, and/or any related U.S. or foreign patents and patent

applications.

5.      Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. § 1498(a).

However, should Plaintiff be awarded compensation, such compensation shall not include

prejudgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

6.     To the extent that Plaintiff seeks recovery for any of Gemalto's alleged unauthorized use occurring more than six years before the filing of the Complaint, Plaintiff is precluded from such recovery, as set forth in 35 U.S.C. § 286 and/or 28 U.S.C. §§ 2401 and 2501.

7.     Plaintiff's claims for damages and costs are statutorily limited by 35 U.S.C. §§ 287 and 288.

8.     Plaintiff's claims are barred, in whole or in part, under principles of equity, including without limitation, by the doctrines of waiver, laches, prosecution laches, equitable estoppel, unclean hands, unfair competition, and/or other applicable equitable doctrines.

9.     To the extent the alleged infringing acts are caused by, or performed pursuant to acts by, the United States, or others, Gemalto is not liable for those activities.

10.    To the extent the Asserted Patents were invented on Government time using Government resources, the United States is entitled to a license or title to the Asserted Patents.

11.    Gemalto asserts any and all defenses which are presently unknown to it, but which, when ascertained, Gemalto requests leave to add to this Answer.

## RELIEF REQUESTED

WHEREFORE, Gemalto respectfully requests the following relief:

A.     That the Court dismiss Plaintiff's Third Amended Complaint with prejudice, and deny each prayer for relief sought by Plaintiff;

B.     That the Court adjudge each asserted claim of the Asserted Patents not infringed;

C.     That the Court adjudge each asserted claim of the Asserted Patents invalid for failure to comply with the requirements set forth in Title 35 of the United States Code, including but not limited to U.S.C. §§ 101, 102, 103 and/or 112;

D.      That the Court adjudge that Plaintiff is not entitled to any compensation pursuant

to 28 U.S.C. § 1498(a);

E.      That the Court adjudge that this is an exceptional case in favor of Gemalto under

35 U.S.C. § 285 and award Gemalto its attorneys' fees;

F.      That Gemalto receive its costs of suit; and

G.      That Gemalto receive such further relief as the Court deems proper and just.


Dated:  January 24, 2020                        Respectfully,

                                                /s/    Edward D. Johnson_____
                                                Edward D. Johnson
                                                MAYER BROWN LLP
                                                Two Palo Alto Square, Suite 300
                                                3000 El Camino Real
                                                Palo Alto, California 94306-2112
                                                Telephone:  (650) 331-2000
                                                Facsimile:   (650) 331-2060
                                                wjohnson@mayerbrown.com


OF COUNSEL:

Marcia G. Madsen
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006-1101
Telephone (202) 263-3000
Facsimile: (202) 263-3001
mgmadsen@mayerbrown.com

Michael A. Molano
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone:  (650) 331-2000
Facsimile:   (650) 331-2060
mmolano@mayerbrown.com

B. Clayton McCraw
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone  (212) 506-2500
Facsimile:  (212) 262-1910
cmccraw@mayerbrown.com


*Attorneys for Third-Party Defendant Gemalto, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 24th day of January, 2020, with a copy of this document via the Court's CM/ECF system per the Court's Local Rules regarding electronic case filing.

<div style="margin-left:40%;">

*/s/   Edward D. Johnson*
Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone:  (650) 331-2000
Facsimile:  (650) 331-2060
wjohnson@mayerbrown.com

</div>