## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MYNETTE TECHNOLOGIES, INC. and STEVEN M. COLBY, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> GEMALTO, INC., <br><br> Third-Party Intervenor. | Case No. 16-cv-01647-MCW <br><br><br> Senior Judge Mary Ellen Coster Williams |

## ANSWER OF THE UNITED STATES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, the United States of America ("the United States," "Defendant" or "the Government") hereby answers the allegations made in each of the numbered paragraphs of Plaintiffs' Third Amended Complaint filed January 7, 2020 by Plaintiffs Mynette Technologies, Inc. and Steven M. Colby ("Plaintiffs"). (ECF 12.) Upon current information and belief, all allegations of the Complaint are denied except to the extent expressly admitted below.

## PARTIES

1. The United States admits that Mynette Technologies, Inc. is named as a plaintiff in this action, and that the online business entity database of the State of Delaware identifies Mynette Technologies, Inc. as a corporation having a principal place of business at 149 Commonwealth Drive, Suite 1001, Menlo Park, CA 94025. The United States is without knowledge or information

1

sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

2.    The United States admits that Steven M. Colby is named as a plaintiff in this action and that he claims to reside 1194 Maria Privada, Mountain View, CA 94040.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

3.    Admitted.

## JURISDICTION

4.    The United States admits that the Third Amended Complaint purports to be an action for patent infringement under 28 U.S.C. § 1498.

## NATURE OF THE ACTION

5.    The United States admits that the Third Amended Complaint purports to be an action for patent infringement against the United States.  The United States further admits that U.S. Patent Nos. 7,924,156 ("the '156 patent"), 7,719,425 ("the '425 patent"), 9,524,458 ("the '458 patent") and 9,569,777 ("the '777 patent") bear the names and dates of issue alleged in the Third Amended Complaint.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

6.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

7.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

8. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

9. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

10. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

11. The United States admits that the '156 patent purports to disclose inventions which utilize remotely powered Radio Frequency Identity ("RFID") tags. The United States denies the remaining allegations in paragraph 11.

12. The United States admits that the '425 patent purports to teach the use of shielding in relation to RFID Tags. The United States denies the remaining allegations in paragraph 12.

13. The United States admits that the '458 patent purports to describe inventions pertinent to electronic passports, including RFID tags, and the use of radio frequency shielding to shield RFID tags in certain modes. The United States denies the remaining allegations in paragraph 13.

14. The United States admits that the '777 patent purports to teach the use of reading passports through RFID tags that are protected by shielding in certain modes. The United States denies the remaining allegations in paragraph 14.

15. The United States admits that the Third Amended Complaint purports to be an action for patent infringement under 28 U.S.C. § 1498, and further admits that Plaintiffs have accurately quoted a portion of 28 U.S.C. § 1498(a). This statement need not be admitted or denied.

## COUNT I

16.     With respect to paragraph 16 of the Complaint, the United States incorporates by reference its responses to paragraphs 1–15.

17.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

18.     The United States admits only that Steven Colby is the sole named inventor listed on the '156 patent. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

19.     The United States admits only that Steven Colby is the sole named inventor listed on the '156 patent. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

20.     Denied.

21.     Paragraph 21 contains legal conclusions regarding the scope of the claims of the '156 Patent and requires no response. To the extent that a response is deemed to be required, the United States denies the allegations in Paragraph 21.

22.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

23.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

24.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

25. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

26. Denied.

## COUNT II

27. With respect to paragraph 27 of the Complaint, the United States incorporates by reference its responses to paragraphs 1–26.

28. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

29. The United States admits only that Steven Colby is the sole named inventor listed on the '425 patent. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

30. The United States admits only that Steven Colby is the sole named inventor listed on the '425 patent. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

31. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

32. Denied.

33. Paragraph 33 contains legal conclusions regarding the scope of the claims of the '425 Patent and requires no response. To the extent that a response is deemed to be required, the United States denies the allegations in Paragraph 33.

34. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

35. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

36. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

37. Denied.

### COUNT III

38. With respect to paragraph 38 of the Complaint, the United States incorporates by reference its responses to paragraphs 1–37.

39. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

40. The United States admits only that Steven Colby is the sole named inventor listed on the '458 patent. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

41. Denied.

42. Paragraph 42 contains legal conclusions regarding the scope of the claims of the '458 patent and requires no response. To the extent that a response is deemed to be required, the United States denies the allegations in Paragraph 42.

43. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

44. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

45. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

46. Denied.

## COUNT IV

47. With respect to paragraph 47 of the Complaint, the United States incorporates by reference its responses to paragraphs 1–46.

48. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

49. The United States admits only that Steven Colby is the sole named inventor listed on the '777 patent. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

50. Denied.

51. Paragraph 51 contains legal conclusions regarding the scope of the claims of the '777 patent and requires no response. To the extent that a response is deemed to be required, the United States denies the allegations in Paragraph 51.

52. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and on that basis denies them.

53. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies them.

54. Paragraph 54 contains legal conclusions regarding the scope of the claims of the '777 Patent and requires no response. To the extent that a response is deemed to be required, the United States denies the allegations in Paragraph 54.

55. Denied.

## THE PRAYER FOR RELIEF

Paragraphs (A) through (C) of the Third Amended Complaint state Plaintiffs' prayer for relief, to which no response is required. However, to the extent that paragraphs (A) through (C) are deemed to contain allegations, the United States denies each such allegation. The United States further denies that Plaintiffs are entitled to any of the relief requested in paragraphs (A) through (C).

## DEFENSES

Upon current information and belief, the United States further answers concerning its defenses:

56. The United States has not infringed any valid claim of the '156, '425, '458, and '777 patents;

57. One or more of the claims of each of the '156, '425, '458, and '777 patents are invalid for failure to comply with 35 U.S.C. §§ 102, and/or 103. In particular, one or more of the claims of the '156, '425, '458, and '777 patents would have been anticipated by, and/or obvious to one of ordinary skill in the art, as of the earliest effective filing date for that claim, in view of the prior art, alone and in various combinations, and including the references cited during prosecution of the Asserted Patents.

58. One or more of the claims of each of the '156, '425, '458, and '777 patents are invalid for failure to comply with 35 U.S.C. §§ 101, and/or 112. In particular, one or more of the

claims of the '156, '425, '458 and/or '777 patents are not directed to patent eligible subject matter or are indefinite for failing to inform those skilled in the art about their scope with reasonable certainty and/or to specify sufficient structure to support a claimed function.

59.     Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a). However, should Plaintiffs be awarded compensation, such compensation may include delay compensation but shall not include pre-judgment or post-judgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

60.     To the extent that Plaintiffs are seeking recovery for any of the United States' alleged unauthorized use occurring more than six years before the filing the Complaint, Plaintiffs are precluded from such recovery, as set forth in 35 U.S.C. § 286 and/or 28 U.S.C. §§ 2401 and 2501.

61.     The United States asserts any and all defenses which are presently unknown to it, but which, when ascertained, the United States requests leave to add to this Answer.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

A.     That the Court dismiss the Third Amended Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiffs;

B.     That the Court adjudge each Asserted Claim of the '425 patent not infringed by or for the United States;

C.     That the Court adjudge each Asserted Claim of the '425 patent invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112;

D.     That the Court adjudge each Asserted Claim of the '156 patent not infringed by or for the United States;

E.     That the Court adjudge each Asserted Claim of the '156 patent invalid for failure to

comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112;

  F. That the Court adjudge each Asserted Claim of the '458 patent not infringed by or for the United States;

  G. That the Court adjudge each Asserted Claim of the '458 patent invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112;

  H. That the Court adjudge each Asserted Claim of the '777 patent not infringed by or for the United States;

  I. That the Court adjudge each Asserted Claim of the '777 patent invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112;

  J. That the Court adjudge that Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a);

  K. That the United States recover from Plaintiffs all of its expenses, including costs and attorneys' fees; and

  L. That the United States receive such further relief as the Court deems proper and just.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

GARY L. HAUSKEN
Director

*Of Counsel:*
CONRAD J. DeWITTE, JR.
Department of Justice

*/s/ Michel E. Souaya*
MICHEL E. SOUAYA
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C.  20530
michel.e.souaya@usdoj.gov
(202) 307-0334

January 24, 2020

COUNSEL FOR THE DEFENDANT,
THE UNITED STATES