# In the United States Court of Federal Claims

No. 16-1647

(Filed: 19 October 2023)

NOT FOR PUBLICATION

```
*************************************
MYNETTE TECHNOLOGIES, INC.          *
and STEVEN M. COLBY,                *
                                    *
            Plaintiffs,             *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant,              *
                                    *
GEMALTO, INC.,                      *
                                    *
            Third-Party Defendant,  *
                                    *
and                                 *
                                    *
IDEMIA IDENTITY & SECURITY          *
USA, LLC,                           *
                                    *
            Third-Party Defendant.  *
                                    *
*************************************
```

## SCHEDULING ORDER

Mynette Technologies, Inc. ("Mynette") alleges patent infringement by the government related to passport technologies produced by defendant-intervenors Gemalto, Inc. ("Gemalto") and Idemia Identify and Security USA, LLC ("Idemia"). The Court addresses a dispute over the scope of a court-ordered covenant not to sue (CNS). On 5 December 2022, the Court issued an opinion and order, ECF No. 153, granting in part defendants' Motion for Terminating Sanctions, ECF No. 125. The Court imposed sanctions due to plaintiff's failure to disclose its attorney's status in Mynette and therefore violating the duty of candor, ECF No. 153. As a remedy, the Court required the parties to negotiate a CNS covering all plaintiff's patents and adequately addressing the risk of future harm due to confidential disclosures during discovery. Due to the technical and fact-intensive nature of the technology, the Court instructed the parties to meet-and-confer and reach an agreement on the appropriate technology scope for the CNS. After numerous extensions of time, on 18 May 2023 the Court held a telephonic status conference to discuss why the parties had not reached agreement, ECF No. 169. Shortly before the status conference, defendants filed a Motion for Reconsideration of the Court's 5 December 2022

Opinion and Order ("Motion for Reconsideration"), ECF No. 171.  The Court issued a scheduling order, ECF No. 172, adopting a briefing schedule for both the Motion for Reconsideration and the remaining CNS disputes.  On 2 June 2023, defendant-intervenor Idemia filed its opening brief, ECF No. 175, outlining its positions on the CNS.  The government and defendant-intervenor Gemalto filed a joint opening brief the same day, ECF No. 176.  On 20 June 2023, plaintiff filed a response to the government's Motion for Reconsideration, ECF No. 179, and a response to the defendants' opening briefs, ECF No. 180.  Defendants filed a joint reply brief on 11 July 2023, ECF No. 181.  The Court accordingly schedules telephonic oral argument to address (1) any remaining disputes over the CNS as well as (2) defendants' Motion for Reconsideration.

**I.     Covenant Not to Sue**

To aid discussion at oral argument, the Court provides the following draft CNS language for the parties' review:

> Mynette Technologies, Inc., and its owners Robert Yorio and Steven M. Colby (collectively, the "Mynette Parties") covenant not to sue Defendants the United States, Thales DIS USA, Inc., Idemia Identity & Security USA, LLC (collectively "Defendants") for infringement of the Restricted Patents; any of the Defendants' respective predecessors, successors (but not as to preexisting products of a successor that are not otherwise covered by this covenant), parents, subsidiaries, divisions, departments, agencies, affiliates (i.e., an entity that has a parent entity in common with any Defendants), and all past and present directors, officers, and employees of Defendants (collectively "Affiliates") for infringement of the Restricted Patents; or any direct or indirect customer of any Defendant for infringement of a Restricted Patent based on a customer's use , manufacture, sale, offer for sale, exportation, importation, or distribution of (i) a Covered Customer Product, or (ii) a downstream product incorporating a Covered Customer Product. For (i) and (ii), the covenant applies only to the extent a Covered Customer Product is relied upon by the party asserting a Restricted Patent to satisfy, in whole or in part, an element or a step of a claim in the Restricted Patent at issue.
>
> "Restricted Patents" are defined as any and all patents, patent applications, and inventions (regardless of the date filed, acquired or conceived) in which
>
> (a) any of the Mynette Parties have a pecuniary or beneficial interest (direct or indirect) or are an inventor, and
>
> (b) that includes one or more claims pertaining, in whole or in part, to:
>
>> (i) RFID and/or contactless devices capable of radio frequency communications without an internal power source with a reader (which, for the avoidance of doubt, includes, but is not limited to electronic passports and other identification documents that include such devices, and products incorporating

an embedded processor that supports such RFID or contactless communications with a reader);

(ii) the use of such devices;

(iii) embedded operating systems for use with devices in category (i) or (ii), and the use of such operating systems;

(iv) methods for personalization of devices in category (i) or (ii);

(v) readers for communicating with devices in category (i) or (ii); or

(vi) electromagnetic components or shielding for use with devices in category (i).

For the avoidance of doubt, the Restricted Patents include the Patents-in-Suit and their direct and indirect parents, continuations, continuations-in-part, divisionals, applications, reissues, reexaminations, renewal extensions and foreign equivalents. For purposes of this Agreement, "pecuniary or beneficial interest" in a patent, patent application, or invention includes, but is not limited to, patents, patent applications, and inventions owned or controlled, in whole or in part, by any of the Mynette Parties, or by any business or entity owned or controlled, directly or indirectly, in whole or in part, by any of the Mynette Parties and/or any and all patents, patent applications, and inventions in which any of the Mynette Parties receive, or can claim, benefits or compensation as a result of the licensing of, or litigation regarding, those patents. Notwithstanding the above, ownership of less than 5% of a publicly-traded company shall not form the basis for a "pecuniary or beneficial interest" in any patent, patent application, or invention, so long as none of the Mynette Parties are executives or board members of that entity or have the right to appoint board members or executives. Should Dr. Colby be named as a joint inventor in his capacity as prosecuting attorney for a client of his law firm employer, on an otherwise Restricted Patent where he has assigned any interest he has as an inventor to the client in exchange for no additional compensation beyond prosecution fees, then that client's patent will not be included as a Restricted Patent.

"Covered Customer Product" is defined as all past, current, or future products, components, devices, systems, or services that have been or will be made, produced, procured, have made, or developed by or on behalf of a Defendant, and that is then sold or provided commercially to a customer of a Defendant which are covered, or alleged by the party asserting a Restricted Patent to be covered, in whole or in part, by an element or a step of a claim of any Restricted Patent in question. A product that does not meet this condition with respect to a particular Restricted Patent is not a Covered Customer Product with respect to that Patent; and the direct or indirect customer is therefore not granted any rights or covenants with respect to the customer's use, manufacture, sale, offer for sale, exportation, importation, or

distribution of a Covered Customer Product for that particular Restricted Patent. Other than "have made" rights, a "Covered Customer Product" does not include a product that Defendants procure and resell (or otherwise provide) without some form of physical or digital modification, or incorporation into a broader product.

The covenants granted herein shall run with the Restricted Patents and shall be binding on any successors-in-interest, licensees, transferees, or assigns thereof.

<u>Assignee Notice Obligation</u>:  when assigning any Restricted Patent, an assignor is obligated to provide a copy of this Covenant Not to Sue, and notice that the assigned patent is a Restricted Patent, to the assignees.  Any assertion of infringement of a Restricted Patent against an accused infringer in contravention to this Covenant Not to Sue shall entitle the accused infringer to recover its costs, expenses and reasonable attorney's fees from any assignee asserting infringement.

The costs, expenses and reasonable attorney's fees recoverable include, without limitation, amounts paid in the investigation and defense of the action, and amounts expended with respect to any patent office proceedings related to the asserted Restricted Patent, in addition to any other relief to which the accused infringer may be entitled.

For the avoidance of doubt and notwithstanding the above, the covenant granted herein does not apply to or include Mynette and Colby's assertion of the Asserted Claims[1] in the existing litigation *Mynette Technologies, Inc. and Steven Colby v. United States*, No. 16-1647.

---

[1] The Asserted Claims are:  (1) claims 1, 5, 51, and 53 of U.S. Patent No. 7,924,156; (2) claims 1, 3, and 6 of U.S. Patent No. 7,719,425; (3) claims 5, 8, 12, 14, 15, 16, and 20 of U.S. Patent No. 9,524,458; and (4) claims 9, 11, 14, and 16 of U.S. Patent No. 9,569,777.

**II.    Conclusion**

The parties should reference the above proposed CNS language in preparation for oral argument.  At oral argument, the Court will address both (1) any remaining CNS disputes as well as (2) defendants' Motion for Reconsideration.

As agreed by counsel for the parties, the Court will hold sealed telephonic oral argument on **31 October 2023 at 2:00 p.m. (ET)**.  The Court will separately send instructions for joining the telephonic conference.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
