**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| MYNETTE TECHNOLOGIES, INC. and STEVEN M. COLBY, )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE UNITED STATES, )<br><br>Defendant, )<br><br>and )<br><br>GEMALTO, INC. and IDEMIA IDENTITY & SECURITY USA LLC, )<br><br>Intervenor-Defendants. ) | Case No. 16-cv-01647-RTH<br><br>Judge Ryan T. Holte |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Plaintiffs Mynette Technologies, Inc. and Steven M. Colby (collectively, "Mynette"), Defendant, the United States ("the Government"), and Intervenor-Defendants Gemalto, Inc. ("Gemalto") and Idemia Identity and Security USA LLC ("Idemia") (collectively, "the Parties") respectfully submit this Joint Motion to Amend the dates in the current Scheduling Order, filed on March 24, 2024 (ECF No. 189).

The Parties propose a seventeen-day extension of the scheduled events to (1) accommodate the travel schedule of one of Plaintiff's experts and the preparation of Opening Expert Reports; and (2) resolve an issue regarding the disclosure to Plaintiffs' experts of Restricted-Attorneys' Eyes Only ("AEO") information under the Protective Order.

With respect to the second issue, the Protective Order provides that Restricted information may be disclosed to experts who have been disclosed pursuant to the procedures of Paragraph 9 of

the Protective Order. However, Paragraph 5 of the Protective Order does not include experts as individuals to whom AEO information may be disclosed. That paragraph also provides that "any other person or entity" may access AEO information only upon "further court order" or if "the parties mutually agree in writing." *See* ECF No. 186 ¶ 5.

On March 22, 2024, Plaintiffs informed Defendants that Plaintiffs had provided AEO information to their disclosed experts. Plaintiffs also informed Defendants that their experts would need to rely on AEO information in their reports, and that Plaintiffs had instructed their experts to pause all work pending resolution of this issue. Plaintiffs contend that their misunderstanding was evidenced by their inclusion of the expert at two depositions in 2020, where AEO information was disclosed with defense counsel present, and by Plaintiffs' impression that all parties understood that AEO would be needed for the experts. However, Defendants note that Plaintiffs' disclosure of AEO documents to their experts began in 2018, and Plaintiffs did not inform Defendants of their AEO disclosures until their March 2024 letter. Because Plaintiffs did not obtain a court order or written agreement prior to their AEO document disclosures, Defendants understand Plaintiffs' AEO document disclosures to have been unauthorized and in violation of the Protective Order.

Defendants further note, in contrast, that when Defendants disclosed AEO information produced by third parties to their expert, they did so only after receiving the written permission of each of the relevant AEO producing third-parties. Defendants therefore believe their AEO disclosures to their expert complied with the Protective Order. Plaintiffs did not learn of these permissions or disclosures until April 9, 2024. Plaintiffs' understanding is that such disclosures are also not permitted under Paragraph 5 of the Protective Order, which does not list experts; and Plaintiffs also did not "mutually agree" to Defendants' experts accessing that AEO.

The parties subsequently met and conferred, and Defendants on April 4 and April 10 requested that Plaintiffs identify (1) all experts and consultants who had received AEO information

of Defendants or third-parties (April 4); (2) the AEO documents each expert has received (April 10); and (3) and the dates on which the AEO documents were disclosed to each expert (April 10). Plaintiffs provided some of that information on April 5 and 11, and items (2) and (3) on April 18, and also informed Defendants that, because their expert's work is on pause pending resolution of this issue, Plaintiffs required an extension of the deadline for opening expert reports from April 23, 2024, to May 10, 2024.

Defendants consent to the extension, and to the persons named in Plaintiffs' April 11, 2024, letter, accessing AEO information, including AEO information from Infineon, provided that Plaintiffs obtain Infineon's permission for such AEO access.  The parties agree that other experts who have been disclosed and executed a Written Assurance pursuant to Paragraph 9 of the Protective Order can access AEO information, so as long as the terms of the Protective Order are complied with and prior consent from the relevant party or third party who produced the AEO information is obtained.

For the foregoing reasons, the parties respectfully request that the Court modify the dates in the Scheduling Order as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Exchange of RCFC 26(a)(2)(B) opening expert reports on issues upon which the parties carry the burden of proof (except for damages) | April 23, 2024 | May 10, 2024 |
| Exchange of RCFC 26(a)(2)(B) responsive expert reports (except for damages) | June 4, 2024 | June 21, 2024 |
| Close of expert discovery (for all issues other than damages) | June 28, 2024 | July 15, 2024 |
| Deadline for dispositive motions under RCFC 56 | August 5, 2024 | August 22, 2024 |
| Deadline for responses to dispositive motions | September 6, 2024 | September 23, 2024 |
| Deadline for replies to dispositive motions | September 20, 2024 | October 7, 2024 |

The Parties have not previously sought or obtained a modification of the March 24, 2024 Scheduling Order and respectfully request the Court to modify the March 24, 2024 Scheduling Order (ECF No. 189) as proposed above.

Respectfully submitted, [1]

April 23, 2024

By: ____/s/ Robert J. Yorio___ _____
Robert J. Yorio
CARR & FERRELL LLP
411 Borel Avenue, Suite 603
San Mateo, California 94402
Telephone: (650) 812-3400
Email: yorio@carrferrell.com

*Counsel for Plaintiffs,*
*Mynette Technologies, Inc. and*
*Steven M. Colby*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT BOLDEN
Director

By: ____/s/ Michel E. Souaya_____
MICHEL E. SOUAYA
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C.  20530
michel.e.souaya@usdoj.gov
Telephone: (202) 307-0334

---

[1] Pursuant to RCFC 20(B) of Appendix E, the filing attorney represents that the other parties have reviewed this document and consent to its filing.

*Of Counsel:*
CONRAD J. DeWITTE, JR.
Department of Justice

*Counsel for the Defendant, The United States*


By: ___/s/ Edward D. Johnson_____
Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real,
Palo Alto, California 94306
Telephone: (650) 331-2000
Email:  wjohnson@mayerbrown.com

*Counsel for Third-Party Defendant,*
*Gemalto, Inc.*


By: ___/s/ Richard L. Brophy_____
Richard L. Brophy
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Email: rbrophy@armstrongteasdale.com

*Counsel for Third-Party Defendant Idemia*
*Identity and Security USA LLC*