# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| MYNETTE TECHNOLOGIES, INC. and STEVEN M. COLBY, <br><br>Plaintiffs, <br><br>v. <br><br>THE UNITED STATES, <br><br>Defendant, <br><br>and <br><br>GEMALTO, INC. and IDEMIA IDENTITY & SECURITY USA LLC, <br><br>Intervenor-Defendants. | Case No. 16-cv-01647-RTH <br><br>Judge Ryan T. Holte |

## JOINT STIPULATION FOR THE ENTRY OF JUDGMENT

Plaintiffs Mynette Technologies, Inc. (Mynette) and Steven M. Colby (Colby), Defendant the United States, and Intervenor-Defendants Gemalto, Inc. (Gemalto) and Idemia Identity & Security USA LLC (Idemia) (collectively, the Parties) submit this Stipulation for the purpose of resolving this matter and all issues in the captioned litigation (the Litigation).

Plaintiffs, the United States, by its authorized representative of the Attorney General, Gemalto, and Idemia hereby file this Stipulation to cause judgment to be entered for Plaintiffs and against the United States in accordance with the terms set out below. If the Court declines to enter judgment in accordance with this Stipulation, in whole or in part, this Stipulation shall be void, and without prejudice to any party.

Plaintiffs brought the Litigation under 28 U.S.C. § 1498(a) to recover for the alleged unauthorized use or manufacture by or for the United States of the invention(s) claimed in U.S. Patent Numbers 7,719,425, 7,924,156, 9,524,458, and 9,569,777 (collectively, the Mynette Patents).  Plaintiffs filed the claims against the United States in the Litigation based on, *inter alia*, products purchased from Gemalto, Idemia, and Infineon Technologies AG through contracts with indemnification clauses.

To settle the Litigation, Plaintiffs, the United States, Gemalto, and Idemia stipulate to the following:

1. Plaintiffs warrant that they are the exclusive owners of all right, title, and interest in the Mynette Patents and have the right to grant settlements, licenses, releases, and covenants not to sue in said patents.

2. The term "Licensed Patents" means the Mynette Patents as well as all United States and foreign patents and patent applications (including, without limitation, continuations, continuations-in-part, divisionals, reissues, reexaminations, extensions, and foreign counterparts thereof) that have issued or may issue on applications related thereto, or those patents or applications otherwise entitled to the benefit of the filing date of the Mynette Patents, or any applications from which the Mynette Patents claim priority.

3. The term "Idemia" shall mean Idemia Identity & Security USA, LLC and its affiliates (any entity controlled by, controlling or under common control with it) and successors.

4. The term "Thales" shall mean Thales DIS USA, Inc. (formerly Gemalto, Inc.) and its affiliates (any entity controlled by, controlling or under common control with it) and successors.

5. In return for the entry of judgment in the total lump sum of $5,500,000 against the United States:

    a.    Plaintiffs and their counsel the undersigned Robert Yorio will release the United States from any and all claims that were brought or could have been brought in the Litigation or in any other forum;

    b.    Plaintiffs will grant to the United States a worldwide, non-exclusive, irrevocable and fully paid-up license to manufacture, make, use, offer to sell, sell, import and/or export, by or for the United States, any products that practice any claim of the Licensed Patents and/or that infringe or are alleged to be infringing the Licensed Patents;

    c.    Plaintiffs and their counsel, the undersigned Robert Yorio, will covenant not to sue the United States for the Licensed Patents, or any other existing or future patents owned, in whole or in part, directly or indirectly, by Mynette or Colby;

    d.    The United States will cause the $5,500,000 lump-sum payment to be made by the United States Treasury to Plaintiffs in accordance with the procedures for payment of such judgments against the United States in the United States Court of Federal Claims; and

    e.    Except as expressly provided below, the United States retains the right to pursue any indemnification claim against any party arising from the assertion of the Mynette Patents in the Litigation.

6.    In return for the payment by Idemia of a total lump sum of $250,000 within five business days of being notified by Plaintiffs of the payment of the judgment by the United States:

    a.    Plaintiffs and their counsel the undersigned Robert Yorio will release Idemia from any and all claims that were brought or could have been brought in the Litigation or in any other forum;

    b.    Plaintiffs will grant to Idemia a worldwide, non-exclusive, irrevocable and fully paid-up license to manufacture, make, use, offer to sell, sell, import and/or export, for

the United States, any products that practice any claim of the Licensed Patents and/or that infringe or are alleged to be infringing the Licensed Patents;

       c.      Plaintiffs and their counsel the undersigned Robert Yorio will covenant not to sue Idemia for the Licensed Patents, or any other existing or future patents owned, in whole or in part, directly or indirectly, by Mynette or Colby; and

       d.      The United States will release Idemia from any indemnification obligations arising from the assertion of the Mynette Patents in the Litigation.

7.      In return for the payment by Thales of a total lump sum of $1,000,000 within five business days of being notified by Plaintiffs of the payment of the judgment by the United States:

       a.      Plaintiffs and their counsel the undersigned Robert Yorio will release Thales from any and all claims that were brought or could have been brought in the Litigation or in any other forum;

       b.      Plaintiffs will grant to Thales a worldwide, non-exclusive, irrevocable and fully paid-up license to manufacture, make, use, offer to sell, sell, import and/or export, for the United States, any products that practice any claim of the Licensed Patents and/or that infringe or are alleged to be infringing the Licensed Patents;

       c.      Plaintiffs and their counsel the undersigned Robert Yorio will covenant not to sue Thales for the Licensed Patents, or any other existing or future patents owned, in whole or in part, directly or indirectly, by Mynette or Colby; and

       d.      The United States will release Thales from any indemnification obligations arising from the assertion of the Mynette Patents in the Litigation.

8.      The releases, licenses, and covenants in paragraphs 6–7 extend to Thales' and Idemia's customers, and any entities to which Thales or Idemia or any of their affiliates have an obligation to satisfy a claim for damages resulting from infringement of any of the Licensed

Patents—but only with respect to products, or components of end-products, made by or for Thales or Idemia, and/or purchased from Thales or Idemia directly or indirectly through the stream of commerce ("Supplied Products").  For the avoidance of doubt, the preceding language confirms that any downstream customers of Thales or Idemia would be covered on their products that incorporate Thales or Idemia technology.  Notwithstanding the above, the releases, licenses, and covenants in this paragraph apply only to patents to the extent that a Supplied Product that incorporates Thales or Idemia technology is relied upon by the party asserting the patent to satisfy, in whole or in part, an element or a step of a claim in the patent.

9. Each party will bear its own costs and attorneys' fees.

10. Plaintiffs may assign, license, or grant rights under any of the Licensed Patents but only provided that such assignment, license, or grant is made subject to the terms of this Agreement, including all licenses, rights, covenants, immunities, releases, and duties.

11. No oral communications, or understandings based on oral communications, supersede the terms herein.

| | |
|---|---|
| Dated:  August 29, 2025 | Respectfully submitted, |
| By:    /s/ Robert J. Yorio          <br>Robert J. Yorio<br>CARR & FERRELL LLP<br>411 Borel Avenue, Suite 603<br>San Mateo, California 94402<br>Email:  yorio@carrferrell.com<br><br>*Counsel for Plaintiffs*<br>*Mynette Technologies, Inc. and*<br>*Steven M. Colby* | BRETT A. SHUMATE<br>Assistant Attorney General<br><br>By:    /s/ Scott Bolden          <br>SCOTT BOLDEN<br>Director / Authorized Representative of the Attorney General<br><br>By:    /s/ Michel E. Souaya          <br>MICHEL E. SOUAYA<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, D.C.  20530<br>Email: michel.e.souaya@usdoj.gov<br><br>*Of Counsel:*<br>CONRAD J. DeWITTE, JR.<br>Department of Justice<br><br>*Counsel for the Defendant, The United States*<br><br>By:    /s/ Edward Johnson          <br>Edward D. Johnson<br>MAYER BROWN LLP<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real,<br>Palo Alto, California 94306<br>Telephone: (650) 331-2000<br>Email: wjohnson@mayerbrown.com<br><br>*Counsel for Third-Party Defendant,*<br>*Gemalto, Inc.*<br><br>By:    /s/ Richard L. Brophy          <br>Richard L. Brophy<br>ARMSTRONG TEASDALE LLP<br>7700 Forsyth Blvd., Suite 1800<br>St. Louis, MO 63105<br>Email: rbrophy@armstrongteasdale.com<br><br>*Counsel for Third-Party Defendant Idemia*<br>*Identity and Security USA LLC* |